CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
DEC 07 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| LISA V. CECIL, | ) | CASE NO. 6:10CV00009 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| MICHAEL J. ASTRUE | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | By: B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

This action is before the undersigned in accordance with an Order entered on October 5, 2011, under authority of 28 U.S.C. § 636(b)(3), directing the undersigned to resolve the plaintiff's September 30, 2011 motion for attorneys' fees and costs. For the following reasons, an Order will enter OVERRULING the Commissioner's objections, GRANTING plaintiff's motion for attorneys' fees and costs and AWARDING attorneys' fees in the amount of $6,109.53 and costs in the amount of $350.00.

The procedural history of this action is amply set forth in the May 11, 2011 Report and Recommendation ("Report") entered by Magistrate Judge Michael F. Urbanski.[1] (Dkt. No. 23.) On April 25, 2007, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. (Report, p. 4.) In a decision entered on August 5, 2009 an Administrative Law Judge ("Law Judge") found that plaintiff suffered the following severe impairments: scoliosis, disorder of the lumbar spine without nerve compression, arthritis, bursitis, allergic rhinitis, headaches and an anxiety/adjustment disorder that does not require treatment. (*Id.*) The Law Judge concluded that plaintiff retained the residual functional capacity ("RFC") to perform a range of light work, including lifting/carrying up to twenty pounds

---
[1] Judge Urbanski since has been elevated to United States District Judge.

occasionally and ten pounds frequently, and standing, walking, and sitting each for a total of six hours in an eight-hour workday, provided that she has a sit/stand option that allows her to change position at will and as often as needed for comfort. (*Id.*) The Law Judge further concluded that plaintiff could only occasionally push and pull with her lower extremities; climb stairs and ramps; stoop, bend, kneel, crouch or crawl; but could never climb ladders, ropes or scaffolds. (*Id.*) The Law Judge determined that plaintiff should engage in no more twisting than required in the course of daily living, and that she must avoid exposure to workplace hazards and lung irritants. (*Id.* at p. 5.) He further determined that she was limited to the performance of unskilled work consisting of non-complex, routine, repetitive tasks in a low stress environment that does not involve work at a production rate. (*Id.*) The Law Judge did not believe plaintiff could return to her past relevant work, but that there were a significant number of jobs in the national economy that she could perform. (*Id.*) Ultimately, the Law Judge found that plaintiff was not disabled. (*Id.*)

Plaintiff appealed the Law Judge's August 5, 2009 decision to the Appeals Council, but the request for review was denied. (*Id.*) Plaintiff instituted an action in this Court on March 1, 2010. (Dkt. No. 1.)

The parties filed cross motions for summary judgment. (Dkt. Nos. 13, 15.) In her motion for summary judgment, plaintiff alleged the following: (1) The Law Judge did not give proper weight to the opinion of her treating physician, Dr. Swartz; (2) The Law Judge erred by failing to properly evaluate her credibility; and (3) The Law Judge relied on flawed testimony from the vocational expert ("VE") in finding that there were jobs in the national economy that she could perform.

2

The Magistrate Judge found that the Law Judge carefully considered the opinions offered by Dr. Swartz and gave them some weight. The Magistrate Judge further found that the decision not to give controlling weight to this treating source was supported by substantial evidence. He determined that the Law Judge had carefully considered the medical evidence and had accounted for her pain and impairments when he concluded that she was limited to light work. The Magistrate Judge concluded that the Law Judge's credibility finding was supported by substantial evidence. In assessing plaintiff's final argument to the court, the Magistrate Judge found:

> The current state of the administrative record leaves some question as to what the VE was saying in response to the cross-examination by [plaintiff's] counsel. Because of the lack of clarity in the VE's testimony and the fact that the Commissioner bears the burden at step five of the sequential evaluation process, the undersigned believes that this case needs to be remanded for a complete understanding of the vocational evidence provided by the VE.

(Report, p. 13.)

The parties each filed timely objections to the Magistrate Judge's Report. (Dkt. Nos. 24, 25.) Upon *de novo* review, the presiding District Judge found that the parties' objections were without merit. He adopted the Report entirely and remanded the case to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g).

On September 30, 2011, plaintiff's counsel filed the instant motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), seeking $6,109.53 in fees and $350 in costs. (Dkt. No. 30.) In the brief filed in support of her motion for attorneys' fees, plaintiff argues that she is entitled to recover attorneys' fees because the Commissioner's position was not substantially justified. (Plaintiff's September 30, 2011 motion

3

for attorneys' fees, hereinafter "Pl's motion," p. 3.[2]) Further, she contends that the fees should be awarded at a rate of $173.32 per hour, a rate higher than the standard $125 per hour. (*Id.*) Finally, plaintiff argues that consistent with the assignment she filed with the court, and pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the fee award should be made directly payable to her counsel, after it is determined that she does not have any Federal debt which is subject to collection. (*Id.*)

In his Opposition, the Commissioner argues that plaintiff's fee application should be denied because the Government's position was substantially justified on the basis that it had a reasonable basis in law and fact. (Commissioner's Opposition, pp. 3-7.) The Commissioner asserts that if this Court determines that plaintiff is entitled to a fee award, the number of hours sought should be reduced. (*Id.* at pp. 7-9.) Finally, the Commissioner contends that plaintiff is incorrect in asserting that any fee award should be paid directly to her counsel. (*Id.* at p. 2.)

A court is to award attorney's fees and costs to a prevailing party[3] in certain civil actions against the United States under the EAJA unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether the award should be made in excess of the statutory cap. *Pierce v. Underwood*, 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir.1991).

Having reviewed the record before the court and the parties' memoranda, the undersigned concludes that the position of the Commissioner was not substantially justified. Although

---

[2]Plaintiff did not assign page numbers to the brief filed in support of her motion for attorneys' fees. For ease of reference, the undersigned has assigned page numbers to the document.
[3] A party who wins a remand pursuant to Sentence Four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). The remand in this case was made pursuant to Sentence Four.

4

neither Magistrate Judge Urbanski nor the presiding District Judge specifically found the Law Judge's decision that there are other jobs in the national economy that plaintiff could perform not to be supported by substantial evidence, the undersigned concludes that the adopted findings of Judge Urbanski were tantamount to such a finding. At bottom, it was determined that the Commissioner failed to discharge his burden at the final level in the sequential evaluation. When that occurs, the district court certainly could reverse the Commissioner's decision and enter judgment on behalf of the claimant because there was insufficient evidence offered to rebut plaintiff's *prima facie* case of disability. Alternatively, the court could remand the case for further proceedings, thus affording the Commissioner a second chance to develop evidence that had not but could substantially justify a denial or, that failing, face the prospect of having to grant benefits. Either way, the undersigned cannot find the Commissioner's position substantially justified, either administratively or judicially, where, as here, the court has determined that he failed to discharge his burden at the final level of the sequential evaluation process.

Plaintiff's counsel seeks an hourly rate of $173.32 per hour for work performed before this Court. (Pl's motion, p. 3.) Plaintiff's counsel determined the hourly rate of $173.32 by noting that the cost of living, as reflected in the Consumer Price Index for the South urban region, has increased from 152.40 in March 1996, the effective date of the EAJA, to 211.308 in August 2010, the month that a majority of work in the case was performed. (*Id.*) This increase to the $125 per hour limit on EAJA fees results in an hourly rate of $173.32 per hour. The Commissioner has not objected to plaintiff's calculation of the hourly rate, and the undersigned finds that this is a reasonable hourly rate in this case.

5

Plaintiff's counsel submits that they expended a total of 35.25 hours representing the plaintiff before this Court. While the Commissioner argues for a reduction in the number of hours claimed, the undersigned finds them imminently reasonable. The Commissioner's objection in this regard will be overruled.

Finally, the Commissioner opposes direct payment of any EAJA award to plaintiff's counsel instead of to plaintiff, herself. He interprets *Astrue v. Ratliff* to support his objection. There, the amount due the claimant was offset by sums the plaintiff owed to the government, and the Supreme Court held that, under those circumstances, the EAJA requires attorneys' fees be awarded directly to the litigant. Specifically, the Court held that the plain text of the EAJA requires attorneys' fees be awarded to the litigant, thus subjecting EAJA fees to offset of any preexisting Federal debts.

Plaintiff's counsel has argued that plaintiff executed an assignment of fees to her motion, thereby entitling counsel to direct payment of the EAJA fees and costs. This case seems distinguishable on its facts from *Ratliff*, in that there is no assertion that the plaintiff owes the Commissioner any overpayments, or the like. Moreover, *Ratliff* does not prohibit assignments of EAJA fees and costs to their attorneys by the successful plaintiff against whom no offset can obtain. At least two courts in this District have effectuated fee assignments after *Ratliff*. *See Hinkle v. Astrue*, 2010 WL 3909916 (W.D.Va. September 30, 2010); *Powers v. Astrue*, 2010 WL 2772660 (W.D.Va. June 22, 2010). Furthermore, it should be pointed out that the Commissioner historically has honored such assignments in other cases before the undersigned.

In this case, however, the undersigned cannot locate any assignment executed by the plaintiff in the pleadings before the court. Absent an assignment, the attorneys' fees and costs awarded herein should be paid directly to plaintiff. Notwithstanding, if it were plaintiff's

intention to assign recovery of EAJA fees and costs to her counsel, she should be given the opportunity to submit to the court and the Commissioner, a written and signed assignment of fees and costs within a reasonable time. In that event, the Commissioner is to make payment as directed by such assignment[4].

For all these reasons, an Order will enter GRANTING plaintiff's motion for attorneys' fees in the amount of $6,109.53 and costs in the amount of $350 to be paid in accordance herewith.

The Clerk of the Court is directed to transmit a copy of this Memorandum Opinion to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

Date: 12/7/11

---

[4] It is beyond the undersigned that, absent a financial interest to be offset against in the sums awarded, the Commissioner has a basis to challenge the propriety or validity of an assignment of an EAJA award. It almost goes without saying that a claimant's assignment of fees and costs to counsel essentially assures counsel they actually will receive the fees which they earned in representing the client.