CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

MAR 05 2012

JULIA C DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| LISA V. CECIL, | ) | CASE NO. 6:10CV00009 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | By:   B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

This action was originally was referred to the undersigned pursuant to an Order entered
on October 5, 2011 directing the undersigned to conduct proceedings and resolve the plaintiff's
September 30, 2011 motion for attorneys' fees and costs pursuant to 28 U.S.C. § 636(b)(3).  On
December 7, 2011, for the reasons set forth in a Memorandum Opinion of even date, the
undersigned entered an Order overruling the Commissioner's objections and granting plaintiff's
motion for attorneys' fees and costs and awarding attorneys' fees in the amount of $6,109.53 and
costs in the amount of $350.00 with further directions on how the fees were to be paid.  On
December 14, 2011, the Commissioner filed Objections essentially asserting that the
December 7, 2011 Order and Memorandum Opinion should be vacated on the grounds that
action by the undersigned should have been taken in a Report and Recommendation because
there was no consent to dispose of the fee question and the undersigned did not have jurisdiction
to do so.[1]

_____

[1] It is interesting that for nearly a decade Social Security fees applications have been addressed
by the undersigned pursuant to 28 U.S.C. § 636(b)(3), rather than under 28 U.S.C. §
636(b)(1)(B), and the Commissioner has never objected.  Historically, fees applications, whether
under 42 U.S.C. § 406, or under the EAJA, 28 U.S.C. § 2412, have not been considered case-
dispositive; thus, referrals under 28 U.S.C. § 636(b)(3) are appropriate with appeals to the

On February 22, 2012, the presiding District Judge entered an Order vacating the December 7, 2011 Order and Memorandum Opinion and referring the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(b). For the reasons set forth below, the undersigned will RECOMMEND that an Order enter an Order GRANTING plaintiff's September 30, 2011 motion for attorneys' fees and costs and AWARDING attorneys' fees in the amount of $6,109.53 and costs in the amount of $350.00 and DIRECTING payment to plaintiff's counsel in view of the assignment of fees which has now been filed in the case.

The procedural history of this action is amply set forth in the May 11, 2011 Report and Recommendation ("Report") entered by Magistrate Judge Michael F. Urbanski.[2] (Dkt. No. 23.) On April 25, 2007, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. (Report, p. 4.) In a decision entered on August 5, 2009 an Administrative Law Judge ("Law Judge") found that plaintiff suffered the following severe impairments: scoliosis, disorder of the lumbar spine without nerve compression, arthritis, bursitis, allergic rhinitis, headaches and an anxiety/adjustment disorder that does not require treatment. (*Id.*) The Law Judge concluded that plaintiff retained the residual functional capacity ("RFC") to perform a range of light work, including lifting/carrying up to twenty pounds occasionally and ten pounds frequently, and standing, walking, and sitting each for a total of six hours in an eight-hour workday, provided that she has a sit/stand option that allows her to change position at will and as often as needed for comfort. (*Id.*) The Law Judge further concluded that plaintiff could only occasionally push and pull with her lower extremities; climb stairs and ramps; stoop, bend, kneel, crouch or crawl; but could never climb ladders, ropes or scaffolds. (*Id.*) The Law Judge determined that plaintiff should engage in no more twisting than required

---

presiding District Judge under Fed. R. Civ. P. 72 (a). The undersigned can address them either way.

[2] Judge Urbanski has since been elevated to United States District Judge.

in the course of daily living, and that she must avoid exposure to workplace hazards and lung irritants. (*Id.* at p. 5.) He further determined that she was limited to the performance of unskilled work consisting of non-complex, routine, repetitive tasks in a low stress environment that does not involve work at a production rate. (*Id.*) The Law Judge did not believe plaintiff could return to her past relevant work, but that there were a significant number of jobs in the national economy that she could perform. (*Id.*) Ultimately, the Law Judge found that plaintiff was not disabled. (*Id.*)

Plaintiff appealed the Law Judge's August 5, 2009 decision to the Appeals Council, but the request for review was denied. (*Id.*) Plaintiff instituted an action in this Court on March 1, 2010. (Dkt. No. 1.)

The parties filed cross motions for summary judgment. (Dkt. Nos. 13, 15.) In her motion for summary judgment, plaintiff alleged the following: (1) The Law Judge did not give proper weight to the opinion of her treating physician, Dr. Swartz; (2) The Law Judge erred by failing to properly evaluate her credibility; and (3) The Law Judge relied on flawed testimony from the vocational expert ("VE") in finding that there were jobs in the national economy that she could perform.

The Magistrate Judge found that the Law Judge carefully considered the opinions offered by Dr. Swartz and gave them some weight. The Magistrate Judge further found that the decision not to give controlling weight to this treating source was supported by substantial evidence. He determined that the Law Judge had carefully considered the medical evidence and had accounted for her pain and impairments when he concluded that she was limited to light work. The Magistrate Judge concluded that the Law Judge's credibility finding was supported by

3

substantial evidence. In assessing plaintiff's final argument to the court, the Magistrate Judge found:

> The current state of the administrative record leaves some question as to what the VE was saying in response to the cross-examination by [plaintiff's] counsel. Because of the lack of clarity in the VE's testimony and the fact that the Commissioner bears the burden at step five of the sequential evaluation process, the undersigned believes that this case needs to be remanded for a complete understanding of the vocational evidence provided by the VE.

(Report, p. 13.)

The parties each filed timely objections to the Magistrate Judge's Report. (Dkt. Nos. 24, 25.) Upon *de novo* review, the presiding District Judge found that the parties' objections were without merit. He adopted the Report entirely and remanded the case to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g).

On September 30, 2011, plaintiff's counsel filed the instant motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), seeking $6,109.53 in fees and $350.00 in costs. (Dkt. No. 30.) In the brief filed in support of her motion for attorneys' fees, plaintiff argues that she is entitled to recover attorneys' fees because the Commissioner's position was not substantially justified. (Plaintiff's September 30, 2011 motion for attorneys' fees, hereinafter "Pl's motion," p. 3.[3]) Further, she contends that the fees should be awarded at a rate of $173.32 per hour, a rate higher than the standard $125 per hour. (*Id.*) Finally, plaintiff argues that consistent with the assignment she filed with the court, and pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the fee award should be made directly payable to her counsel, after it is determined that she does not have any Federal debt which is subject to collection. (*Id.*)

---

[3]Plaintiff did not assign page numbers to the brief filed in support of her motion for attorneys' fees. For ease of reference, the undersigned has assigned page numbers to the document.

In his Opposition, the Commissioner argues that plaintiff's fee application should be denied because the Government's position was substantially justified on the basis that it had a reasonable basis in law and fact. (Commissioner's Opposition, pp. 3-7.) The Commissioner asserts that if this Court determines that plaintiff is entitled to a fee award, the number of hours sought should be reduced. (*Id.* at pp. 7-9.) Finally, the Commissioner contends that plaintiff is incorrect in asserting that any fee award should be paid directly to her counsel. (*Id.* at p. 2.)

A court is to award attorney's fees and costs to a prevailing party[4] in certain civil actions against the United States under the EAJA unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether the award should be made in excess of the statutory cap. *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan,* 936 F.2d 176, 177 (4th Cir. 1991).

Having reviewed the record before the court and the parties' memoranda, the undersigned concludes that the position of the Commissioner was not substantially justified. Although neither Magistrate Judge Urbanski nor the presiding District Judge specifically found the Law Judge's decision that there are other jobs in the national economy that plaintiff could perform not to be supported by substantial evidence, the undersigned concludes that the adopted findings of Judge Urbanski were tantamount to such a finding. At bottom, it was determined that the Commissioner failed to discharge his burden at the final level in the sequential evaluation. When that occurs, the district court certainly could reverse the Commissioner's decision and enter judgment on behalf of the claimant because there was insufficient evidence offered to rebut

---

[4] A party who wins a remand pursuant to Sentence Four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer,* 509 U.S. 292, 300–302 (1993). The remand in this case was made pursuant to Sentence Four.

plaintiff's *prima facie* case of disability. Alternatively, the court could remand the case for further proceedings, thus affording the Commissioner a second chance to develop evidence that had not but could substantially justify a denial or, that failing, face the prospect of having to grant benefits. Either way, the undersigned cannot find the Commissioner's position is substantially justified, either administratively or judicially, where, as here, the court has determined that he failed to discharge his burden at the final level of the sequential evaluation process.

Plaintiff's counsel seeks an hourly rate of $173.32 per hour for work performed before this Court. (Pl's motion, p. 3.) Plaintiff's counsel determined the hourly rate of $173.32 by noting that the cost of living, as reflected in the Consumer Price Index for the South urban region, has increased from 152.40 in March 1996, the effective date of the EAJA, to 211.308 in August 2010, the month that a majority of work in the case was performed. (*Id.*) This increase to the $125 per hour limit on EAJA fees results in an hourly rate of $173.32 per hour. The Commissioner has not objected to plaintiff's calculation of the hourly rate, and the undersigned finds that this is a reasonable hourly rate in this case.

Plaintiff's counsel submits that they expended a total of 35.25 hours representing the plaintiff before this Court. While the Commissioner argues for a reduction in the number of hours claimed, the undersigned finds them imminently reasonable.

The final issue before the court relates to the recipient of the fee award. On December 8, 2011, plaintiff's counsel filed a "Retainer Agreement and Assignment." (Dkt. No. 38.) The agreement and assignment was signed by plaintiff on August 9, 2010 and provides:

> I agree that in the event the appeal is successful in that the claim is remanded for further proceedings or payment of benefits, I transfer and assign my rights and interests in any and all Equal Access to Justice Act ("EAJA") fees in connection with my Social Security case to the law firm in consideration of their services in representing me in federal court.

6

> This assignment shall bind my heirs, administrators, successors and assigns, and inure to
> the benefit of the law firm and survive any writing to the contrary.
>
> I further assign the law firm or local counsel hired by the law firm, the limited power of
> attorney to endorse my name to any check made payable to me for attorney fees pursuant
> to EAJA in connection with my Social Security case.

(*Id.*)

In the Commissioner's December 14, 2011 Objections, he argues that consistent with

*Astrue v. Ratliff*, agency counsel will communicate with the United States Department of the

Treasury to determine whether plaintiff owes a pre-existing debt subject to offset. 130 S. Ct.

2521 (2010). In the event plaintiff does not owe such a debt, the Commissioner will direct that

the fee award be made payable to plaintiff's counsel. If plaintiff does owe a debt, the United

States will send a check made payable to plaintiff in the amount of the remaining funds to

plaintiff's counsel's address.

In her December 19, 2011 Response, plaintiff argues that the fees must be made directly

payable to her counsel in accordance with her fee assignment because the Commissioner has

failed to provide any evidence that she owes a debt to the Federal Government against which the

award could be offset. Plaintiff acknowledges this issue has not been addressed by the Fourth

Circuit Court of Appeals, but she contends that such assignments are valid and should be

honored.

As stated in the undersigned's December 7, 2011 Memorandum Opinion, *Ratliff* does not

foreclose payment of EAJA fees, costs and expenses directly to the plaintiff's counsel and

assignments have been effectuated by courts in this District. *See Hinkle v. Astrue*, 2010 WL

3909916 (W.D.Va. September 30, 2010); *Powers v. Astrue*, 2010 WL 2772660 (W.D. Va. June

22, 2010). Certainly, in this Division, until this case, the Commissioner has honored those

assignments. After all, if the Government has no priority to the funds, why should it not be that counsel who assisted the plaintiff in prevailing have benefit of his labor?

For all these reasons, the undersigned RECOMMENDS that an Order enter GRANTING plaintiff's September 30, 2011 motion for attorneys' fees and costs and AWARDING attorneys' fees in the amount of $6,109.53 and costs in the amount of $350.00, and DIRECTING payment thereof be made to plaintiff's counsel.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

March 5, 2012
Date

8